UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GORDON MCBRIDE,

    Plaintiff,

v.                                                                           Case No. 6:17-cv-1639-37KRS

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

In the instant insurance coverage action, Defendant filed a motion to dismiss the second count of Plaintiff's Complaint. (Doc. 4 ("**MTD**").)[1] Plaintiff responded. (Doc. 11.) Upon consideration, Defendant's MTD is due to be granted.

## I.    BACKGROUND

This action arises from a May 16, 2015 automobile accident ("**Accident**") involving Plaintiff Gordon McBride ("**Plaintiff**") and Daniel Rogelio Coppinger Rodriguez ("**Tortfeasor**"). (Doc. 2, ¶ 8.) Tortfeasor, an uninsured motorist, allegedly caused the accident by negligently and carelessly operating his vehicle. (*Id.* ¶ 9.) Following the Accident, Plaintiff allegedly notified Defendant, his insurance carrier, of losses sustained. (*Id.* ¶ 17.) Defendant apparently refused to pay the full amount of Plaintiff's claim, so Plaintiff initiated this action for: (1) breach of contract (*id.* ¶¶ 13–18 ("**Count One**")); and

---

[1] The MTD also included a request for an extension of time to respond to Count One, which the Court denied as moot. (*See* Doc. 6)

-1-

(2) bad faith under Fla. Stat. § 624.155 (*id.* ¶¶ 19–28 ("**Count Two**")). Defendant moved to dismiss Count Two for failure to state a claim. (Doc. 4.) Plaintiff opposed (Doc. 11), and the matter is now ripe for adjudication.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure set forth minimum pleading requirements. Rules 8 and 10 require plaintiffs to provide short and plain statements of their claims with simple and direct allegations set out in numbered paragraphs and distinct counts. *See* Fed. R. Civ. P. 8(a), (d) ("Each allegation must be simple, concise and direct."); *see also* Fed. R. Civ. P. 10(b). If a complaint fails to state a plausible or legally sufficient claim, the defendant may file a motion to dismiss under Rule 12(b)(6). *See Popham v. Cobb Cnty., Ga.*, 392 F. App'x 677, 678 (11th Cir. 2010). When resolving such a motion, courts must accept as true all well-pled factual allegations and determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## III. DISCUSSION

Defendant asserts that the Court should dismiss Count Two because the Complaint "does not, and cannot allege a favorable resolution" of Count One—the breach of contract claim—which is "the underlying action that must resolve favorably to Plaintiff for [Count Two] to accrue." (Doc 4, p. 2.) Although Plaintiff concedes that Count Two is not yet ripe for adjudication, he nonetheless argues that the Court should abate Count Two on the grounds that other district courts sometimes permit this practice. (Doc. 11,

pp. 2–3.)

On review, the Court agrees with Defendant that Count Two is not yet ripe, and it will not ripen unless and until Plaintiff prevails on Count One. *See Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1216, 1230 (Fla. 2016) (clarifying that "an insured is entitled to a determination of liability and the full extent of his or her damages in the [coverage action] before filing a first-party bad faith action"); *see also Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265, 1270 n.3 (11th Cir. 2007) (noting that Florida law does not recognize a "valid" bad faith claim until "there has been a determination of the insured's damages"). In such circumstances—as the Court has previously articulated—dismissal, not abatement, is proper. *See Ralston v. L.M. Gen. Ins. Co.*, No. 6:16-cv-1723-Orl-37DCI, 2016 WL 6623728, at *2–3 (M.D. Fla. Nov. 9, 2016). Therefore, Count Two of Plaintiff's Complaint is due to be dismissed.

## IV.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss Count Two (Doc. 4, pp. 1–3) is **GRANTED**.

(2) Count Two of Plaintiff's Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 11, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record